**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Manuel Rivera, | No. CV 12-2567-PHX-RCB (JFM) |
| Plaintiff, | |
| vs. | **O R D E R** |
| Maricopa County Lower Buckeye Jail, et al., | |
| Defendants. | |

Plaintiff Ramon Manuel Rivera, who is confined in the Maricopa County Lower Buckeye Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will dismiss the Complaint with leave to amend.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $41.96. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**JDDL-K**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

JDDL-K

1  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, will dismiss the Complaint with leave to amend.

## III. Complaint

Plaintiff names the Maricopa County Lower Buckeye Jail and the Maricopa County Sheriff's Office as Defendants in the Compliant.

Plaintiff raises three claims for relief in which he alleges his right to be free from cruel and unusual punishment was violated when he was required to use an upstairs visitation room despite the fact that he is disabled and uses a wheelchair. In Count One, Plaintiff claims he was forced to use the upstairs visitation room or miss his visit and was not provided with assistance from jail staff. In Count Two, Plaintiff alleges that after the visit he was asked to return to his cell but was not given assistance. Plaintiff claims he attempted to climb down the stairs himself, but fell. In Count Three, Plaintiff claims that the Maricopa County Sheriff's Office failed to comply with the guidelines set forth in the American's with Disabilities Act.

Plaintiff seeks money damages.

## IV. Failure to State a Claim

The Maricopa County Lower Buckeye Jail is not a proper Defendant to this action. Claims under § 1983 are directed at "bodies politic and corporate." *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 688-89 (1978). Under the Civil Rights Act of 1871, Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies. *Id.* at 689-690. Because a jail is neither a

1  corporation nor a body politic, it is not a person for purposes of § 1983, and accordingly,
2  the Maricopa County Lower Buckeye Jail will be dismissed.

3  The Maricopa County Sheriff's Department is not a proper defendant. In Arizona,
4  the responsibility of operating jails and caring for prisoners is placed by law upon the
5  sheriff. *See* Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101. A sheriff's office
6  is simply an administrative creation of the county sheriff to allow him to carry out his
7  statutory duties and not a "person" amenable to suit pursuant to § 1983. Accordingly, the
8  Maricopa County Sheriff's Department will be dismissed from this action.

9  As no proper Defendant remains, the Court will dismiss the Complaint.

**V.   Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed**.

1    Plaintiff should note that pretrial detainee's claim for unconstitutional conditions
2 of confinement arises from the Fourteenth Amendment Due Process Clause rather than
3 from the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v.*
4 *Wolfish*, 441 U.S. 520, 535 and n.16 (1979). Nevertheless, the same standards are
5 applied, requiring proof that the defendant acted with deliberate indifference. *See Frost*
6 *v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

7    Deliberate indifference is a higher standard than negligence or lack of ordinary
8 due care for the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To
9 state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the
10 alleged constitutional deprivation must be, objectively, "sufficiently serious"; the
11 official's act or omission must result in the denial of "the minimal civilized measure of
12 life's necessities." *Id.* at 834. Second, the prison official must have a "sufficiently
13 culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or
14 safety. *Id.* In defining "deliberate indifference" in this context, the Supreme Court has
15 imposed a subjective test: "the official must both be aware of facts from which the
16 inference could be drawn that a substantial risk of serious harm exists, *and* he must also
17 draw the inference." *Id.* at 837 (emphasis added). Accordingly, Plaintiff identify and
18 name as defendants the individuals who violated his constitutional rights and must
19 describe whether each individual acted with deliberate indifference to a threat to his
20 safety.

21    Plaintiff must clearly designate on the face of the document that it is the "First
22 Amended Complaint." The first amended complaint must be retyped or rewritten in its
23 entirety on the court-approved form and may not incorporate any part of the original
24 Complaint by reference. Plaintiff may include only one claim per count.

25    A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*,
26 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896
27 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original
28 complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised

**JDDL-K**

- 5 -

in the original complaint is waived if it is not raised in a first amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.   Warnings**

   **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

   **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

   **C.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   **D.   Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

…..

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $41.96.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 5th day of February, 2013.

Robert C. Broomfield
Senior United States District Judge