WO KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Manuel Rivera,<br><br>Plaintiff,<br><br>vs.<br><br>Maricopa County Sheriff's Office, et al.,<br><br>Defendants. | No.  CV 12-2567-PHX-RCB (JFM)<br><br>**O R D E R** |

Plaintiff Ramon Manuel Rivera, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a February 5, 2013 Order, the Court granted the Application to Proceed and dismissed the Complaint with leave to amend.  Plaintiff filed a First Amended Complaint, which, in a May 20, 2013 Order, the Court also dismissed with leave to amend.

On June 14, 2013 Plaintiff filed a Motion to Stop Payment (Doc. 9).  Plaintiff did not file a second amended complaint and, on August 20, 2013, the Clerk of Court entered a Judgment of Dismissal for failure to comply with a Court order (Doc. 10).  On September 18, 2013, the Court received a $25.24 payment toward the filing fee, which completed Plaintiff's payment of the filing fee for this case.

In his Motion to Stop Payment, Plaintiff asks that the Court issue an order to stop collection of the filing fee for this case.  Because Plaintiff has paid the filing fee in full,

his Motion is technically moot.  However, to the extent Plaintiff seeks return of the filing fee, the Court will deny the Motion.

Title 28 U.S.C. §1915(b)(1) states:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.  The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6–monthly period immediately preceding the filing of the complaint or notice of appeal.

Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to waive the payment of Plaintiff's filing fee, or to return the filing fee after dismissal of an action.

It is clear that in amending 28 U.S.C. § 1915 with the enactment of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) (PLRA), Congress intended to provide financial disincentives for prisoners filing lawsuits in forma pauperis.  *See Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997) ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims.  *See*, *e.g.*, H.R. Conf. Rep. No. 104-378, at 166-67 (1995);  141 Cong. Rec. S14626 (daily ed.)  (Sept. 29, 1995) (statement of Sen. Dole)").

The decision to file and prosecute this case was made by Plaintiff before he filed this case.  Having filed this case, Plaintiff and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915.  Accordingly, the Court will deny Plaintiff's Motion to Stop Payment.

. . .

. . .

. . .

1     **IT IS ORDERED** that Plaintiff's June 14, 2013 Motion to Stop Payment (Doc. 9)
2 is **denied**.
3     DATED this 4th day of October, 2013.

                                    /s/ John C. Broomfield
                                    Robert C. Broomfield
                                    Senior United States District Judge